ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Balad Alshemal Earth Company ) ASBCA No. 58590
)
Under Contract No. M68450-08-M-0224 )

APPEARANCES FOR THE APPELLANT: Mr. Ibrahim Abd Al-Hassoun
Mr. Ibrahem Abdulhassan
Mr. Ahmed Menem Ahmed

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Joseph K. Venghaus, JA
Trial Attorney

ORDER OF DISMISSAL

Appellant has not confirmed it is pursuing this appeal, nor has it confirmed its representative meets the requirements of Board Rule 26, in spite of inquiries from the Board. Without this information, the Board cannot proceed.

On 16 March 2013, the Board received an emailed notice of appeal from Taji Iraq Baghdad [company_taji_iraq_baghdad_co2009@yahoo.com] (Taji email address) on the above-cited contract, and the Board docketed the appeal under that name. The email trail submitted with the notice of appeal appeared to indicate appellant's representative was Ibrahim Abd Al-Hassoun.

In its 3 April 2013 Motion to Dismiss for Lack of Jurisdiction, the government asserted the contract at issue (M68450-08-M-0224) was with Balad Alshemal Earth Company and included a copy of the contract listing the contractor/offeror as Balad Alshemal Earth Company, with an email address of balad_alshemal@yahoo.com (Balad email address) (mot., tab 1). The correspondence file includes an email dated 10 April 2013, from Ibrahem abdulHassan at the Balad email address. The email indicates it was sent on behalf of Balad Alshemal Earth Company, and the sender appears to state that the company was using the Taji email address because there was a problem with the Balad email address that had since been resolved. Because it appeared that the Board had docketed the appeal under an incorrect contractor name, the appeal caption was corrected and the parties were so informed by Order dated 19 September 2013.

The Board also informed appellant that the Board understood Ibrahim Abd Al-Hassoun, the name of appellant's representative indicated in the notice of appeal, and Ibrahem abdulHassan, the name listed as the author of the 10 April 2013 email, to be the same person. If this understanding was not correct, appellant was told it had until 27 September 2013 to so inform the Board. Further, in the 19 September 2013 Board Order, the Board directed appellant to confirm whether Ibrahim Abd Al-Hassoun is an owner of Balad Alshemal Earth Company, a corporate officer, or an attorney. If this was not the case, appellant was informed it needed to designate a proper person, meeting the requirements of Board Rule 26, to be its representative by no later than 3 October 2013.

On 23 September 2013, the Board received an email that indicated it was from Ibrahem Abdulhassan, from the Balad email address, stating, "No sir, This email company_taji_iraq_baghdad_co2009@yahoo.com no belong to our company and our email working well, so anything you have received from this email i[s] invalid." It went on to ask, "Can you please send me what they sent you? Thank you. Ahmad." The signature block included: "POC: Ahmed Menem Ahmed."

By Board Order dated 27 September 2013, the Board acknowledged receipt of appellant's email and forwarded copies of all correspondence received from the Taji address, plus the Board's Notice of Docketing for the appeal. The email was sent to the Balad email address, directed to Mr. Ibrahim Abd Al-Hassoun, Mr. Ibrahem Abdulhassan, and Mr. Ahmed Menem Ahmed, and directed appellant to confirm it was pursuing an appeal at the Board. No response was received by the Board.

By email on 29 October 2013, the Board sent appellant an Order to Show Cause why the appeal should not be dismissed. The Show Cause Order was sent to both the Balad and Taji email addresses. Appellant responded from the Balad email address by email dated 2 November 2013 repeating that the Taji address did not belong to the Balad Alshemal Earth Company and that anything received from the Taji email address was invalid. The email asked again to have anything received at the Board from the Taji address sent to the Balad address. The Board did so by a 7 November 2013 Board Order, directed again to both addresses and the three names associated with the appeal. Appellant was given 10 days to inform the Board "(1) whether Balad Alshemal Earth Company is pursuing an appeal; (2) if so, whether you are an owner of the company; and (3) provide the correct spelling of your name." As of the date of this Order of Dismissal, no response has been received by the Board.

2

Without responses to the Board's Orders clarifying whether appellant has taken an appeal, and providing a representative that meets the requirements of Rule 26, the Board cannot proceed with this appeal. Accordingly, it is dismissed from the Board's docket.

Dated: 7 January 2014

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

PETER D. TING
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I concur

ELIZABETH A. TUNKS
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 58590, Appeal of Balad Alshemal Earth Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3